THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Jesse D.
 Holland, Appellant.
 
 
 
 
 

Appeal From Anderson County
 J. Cordell Maddox, Jr., Circuit Court
Judge

Unpublished Opinion No. 2010-UP-024
 Submitted January 4, 2010  Filed January
25, 2010    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Assistant Chief Legal Counsel John
 Benjamin Aplin, South Carolina Department of Probation, Parole & Pardon, of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  On October 19, 2006, Jesse Holland was sentenced to
 two concurrent ten year sentences, suspended to five years probation, after
 pleading guilty to two counts of assault and battery of a high and aggravated
 nature.  Following a September 10, 2007 probation revocation hearing, the trial
 court revoked three years of Hollands suspended sentence and terminated his
 probation.  Holland appeals, asserting he was entitled to have the revocation
 vacated and have a new hearing on the matter because the judge imposed the
 sentence in his absence, after making additional phone calls to unknown parties
 about the case, and neither he nor his attorney were ever made aware of the
 contents of the conversations or allowed to object to the sentence imposed.  We affirm.[1]
FACTUAL/PROCEDURAL HISTORY
Holland appeared before the
 trial court at his probation revocation hearing following issuance of a
 probation arrest warrant and citation charging Holland with violating various
 conditions of probation, including but not limited to failure to report, failure
 to refrain from using controlled substances or consuming alcohol, failure to
 work, and association with a person with a criminal record.  Holland did not
 dispute the various violations, but acknowledged he had a fairly extensive drug
 problem and was clean for two years but relapsed after being given drugs for
 treatment of a medical condition.  Given his drug problems, counsel argued a
 more appropriate sentence [for Holland] would be something like six months
 suspended to ninety days time served, then ninety days house arrest.  After Holland
 expounded on his attempts to get treatment for his addiction and the interplay
 between that and his violations, the court asked Holland if he had ever been
 through A.T.U.  Holland responded, Im H.I.V. positive, your Honor.  And they
 dont have it there at Broad River. . . .  H.I.V. guys go in one dorm and
 thats it.  The court then queried, So youre not going to get A.T.U. no
 matter what?  Holland did not directly answer the question, but recognized if
 he kept using drugs he would die and asked the court to give him the
 opportunity to get help.  The following colloquy then occurred:

 [Court]: 
 I just dont know where to send you.
 [Holland]: 
 . . . [T]hey got a class out at Behavioral Health that AnMed gave me a referral
 to.  Its a chemical dependence program . . . .  I think its a ninety-day
 program . . . .
 .         .         .
 [Probation Agent]: 
 Your Honor, if he cant do the A.T.U., the State still stands at a partial
 revocation of two years.
 [Court]:  All right. 
 Im going to take this under advisement for about half a day.  I need to make a
 call on this one.  I need to find out something about it.  So Ill let you know
 this afternoon.
 [Hollands Counsel]: 
 Okay.  Does his honor want to see the referral?
 [Court]:  No.  I
 believe you.  I mean the question really is where do I send you.  I mean,
 thats the problem.  So give me about half a day.  Ill let you know this
 afternoon one way or the other.  Okay?
 Holland
 then thanked the court and the matter concluded.

On September 14, 2007, the
 trial court signed an order revoking three years of Hollands suspended
 sentence.  The order indicates Holland was presented with the order but refused
 to sign it on September 19, 2007.  On September 21, 2007, counsel for Holland prepared
 a notice of appeal in this matter, and included a footnote stating the hearing
 was held on September 10 and the court took the matter under advisement, but
 the court never advised counsel of the sentence and only after counsel
 contacted the parole office on September 20 was he informed of the sentence.
ISSUE
Whether Holland is entitled
 to have his probation revocation sentence vacated and allowed to have a
 resentencing hearing because the judge sentenced him in his absence, after
 making additional phone calls to unknown parties about his case, and neither
 Holland nor his attorney were ever made aware of the contents of those
 conversations or allowed to object to the sentence that was imposed.
LAW/ANALYSIS
Holland contends, instead of
 honoring the probation departments request for a two year partial revocation,
 the judge ordered Holland be committed for a three year term with termination
 of probation, and did so without informing either him or his attorney.  He
 argues the trial judges actions violated his due process rights inasmuch as he
 had the right to be present at his sentencing, and by sentencing him in his
 absence, the judge denied him his right to object to the sentence on the record
 and foreclosed his ability to raise an abuse of discretion argument with
 respect to the sentence.  Holland maintains he was not given the opportunity to
 ask the court to reconsider its judgment in light of the facts uncovered by the
 judge in his phone calls as he was not privy to the conversations nor present
 when the judge sentenced him.
Holland has failed to
 preserve this issue for appellate review.  For an issue to be properly
 preserved for review, it must be raised to and ruled upon by the trial court,
 and issues not so raised and ruled upon will not be considered on appeal.  State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003).  An issue may
 not be raised for the first time on appeal.  In re Michael H., 360 S.C.
 540, 546, 602 S.E.2d 729, 732 (2004).  In order to preserve an issue for
 appeal, it must be raised to and ruled upon by the trial court; the trial court
 must be given an opportunity to resolve the issue before it is presented to the
 appellate court.  Id.  Here, when the trial court stated its intention
 to take the matter under advisement and make a phone call, counsel responded,
 Okay.  The judge then made clear the question he had was where he should send
 Holland and that he needed more time to resolve that problem.  Holland did not
 object to or raise any issue with regard to this proposal by the court. 
 Neither did Holland request he have an opportunity to be heard on the matter
 after the court made any such phone calls, or before the courts final
 determination regarding revocation.  Additionally, Holland could have made a
 post trial motion for reconsideration of the three year revocation, or a motion
 for a new probation sentencing hearing based on his right to appear and object
 to the sentence.  See Rule 29, SCRCrimP (Except for motions for new
 trials based on after-discovered evidence, post trial motions shall be made
 within ten (10) days after the imposition of the sentence.).  Because Holland
 implicitly acquiesced in the judge taking the matter under advisement in order
 for him to determine where he would send Holland, raised no objection to this
 proposal nor requested he be heard again on the matter after the judge had
 looked into the matter, and made no post-trial motion raising the issue he now
 raises on appeal, the trial court was never given an opportunity to address the
 issue.  The decision of the trial court is accordingly
AFFIRMED.
HUFF, A.C.J.,
 GEATHERS, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.